**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIMBERLY S. LANTZ,** | : | **CIVIL ACTION NO. 1:10-CV-885** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GILLIGAN'S BAR & GRILL, INC.,** | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 16th day of August, 2011, upon consideration of the motion

in limine (Doc. 34) filed by plaintiff Kimberly S. Lantz ("Lantz"), wherein Lantz

requests that the court preclude from evidence any opinions of Dr. Michals on the

issue of Lantz's credibility,[1] and upon further consideration of Gilligan's brief in

opposition (Doc. 50) to Lantz's motion, wherein Gilligan's avers that Dr. Michals'

opinions do not directly speak to the issue of Lantz's credibility,[2] and the court

finding no basis to conclude that Gilligan's will elicit inadmissible testimony from

---

[1] Dr. Michals is an expert witness for defendant Gilligan's Bar & Grill ("Gilligan's"). In the pending motion, Lantz predicts that "Dr. Michals may be asked to state an opinion concerning Plaintiff's credibility." (Doc. 35 at 4). Lantz contends that such an opinion would constitute improper expert testimony, violate Rule 702 of the Federal Rules of Evidence, and go beyond the scope of Dr. Michals' expert report.

[2] Gilligan's avers that it intends to elicit only proper expert testimony from Dr. Michals, within the bounds of Rule 702 and the scope of Dr. Michaels' report. Gilligan's denies that Dr. Michals has opined—or will be called upon to opine—on the issue of Lantz's credibility.

Dr. Michals at trial, it is hereby ORDERED that Lantz's motion in limine (Doc. 34)

is DENIED.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge