IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY S. LANTZ**, | : | CIVIL ACTION NO. 1:10-CV-885 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **GILLIGAN'S BAR & GRILL, INC.**, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 16th day of August, 2011, upon consideration of the motion in limine (Doc. 36) filed by plaintiff Kimberly S. Lantz ("Lantz"), wherein Lantz requests that the court exclude any evidence of statutory fee shifting,[1] and upon further consideration of the brief in opposition (Doc. 48) to Lantz's motion, filed by defendant Gilligan's Bar & Grill, Inc. ("Gilligan's"), wherein Gilligan's argues that

---

[1] In the pending motion, Lantz contends that fee shifting is not relevant. Lantz argues in the alternative that the probative value of evidence or an instruction about fee shifting is "substantially outweighed" by the risk of "unfair prejudice, confusion of the issues, misleading the jury, or waste of time." (Doc. 37 at 4); see also F. R. EVID. 403.

the court should allow evidence or instruct the jury on fee shifting,[2] and the court concluding that evidence of fee shifting is not relevant, see FED. R. EVID. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"), it is hereby ORDERED that Lantz's motion in limine (Doc. 36) is GRANTED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Gilligan's notes that in Collins v. ALCO Parking Corp., 448 F.3d 652 (3d Cir. 2006), the Third Circuit held that giving the following instruction to the jury did not constitute plain error:

> You are instructed that if plaintiff wins on his claims, he may be entitled to an award of attorney fees and costs over and above what you award as damages. It is my duty to decide whether to award attorney fees and costs, and if so, how much. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Id. at 656-57; (see Doc. 48 at 3-4). Significantly, however, the Collins court did not hold that instructions on fee shifting are proper. 448 F.3d at 657. Rather, it assumed that an error occurred, and concluded that the error was not plain. Neither the citation to Collins nor any of Gilligan's other arguments refute Lantz's contention that the issue of fee shifting is irrelevant.