**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIMBERLY S. LANTZ**, | : | **CIVIL ACTION NO. 1:10-CV-885** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GILLIGAN'S BAR & GRILL, INC.**, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 18th day of August, 2011, upon consideration of the motion

in limine (Doc. 38) filed by plaintiff Kimberly S. Lantz ("Lantz"), wherein Lantz

requests that the court exclude any evidence concerning a 2005 incident involving

Lantz, Wendy Roe ("Roe"), and a customer complaint,[1] and upon further

consideration of the brief in opposition (Doc. 47) to Lantz's motion, filed by

defendant Gilligan's Bar & Grill, Inc. ("Gilligan's"), wherein Gilligan's contends

---

[1] Without describing the particulars of the incident in question, Lantz seeks
to exclude evidence of her conduct, Roe's conduct, or discipline imposed against
either of them, in connection with an incident involving an unauthorized gratuity,
and a customer complaint, around Christmas of 2005. (See Doc. 39 at 4). According
to Gilligan's, Lantz and Roe served a large party at Gilligan's in December 2005,
and subsequently, a customer from the party called to complain that "the amount of
the tip had been significantly increased after he had signed the charge slip." (Doc.
47 at 2). Specifically, Gilligan's states that Lantz "altered the tip amount from
$80.00 to $209.56" after the customer signed the credit card receipt. (Id.) After
Gilligan's investigated the incident, it disciplined Lantz and Roe and required them
to return the unauthorized tip. (Id. at 3).

    In the pending motion, Lantz contends that these events are not relevant.
Lantz argues in the alternative that the probative value of evidence on this subject
is substantially outweighed by the prejudicial effect that such evidence would have
against Lantz. (Doc. 39 at 5).

that Lantz "has specifically raised the issue of her disciplinary history and job

performance within this lawsuit, thereby making the evidence at issue . . . relevant

and admissible[,]" (Doc. 47 at 4-5), and wherein Gilligan's further argues that the

evidence at issue is probative of Lantz's and Roe's truthfulness,[2] (id. at 5), and the

court concluding that it must consider the allegedly inadmissible evidence in the

context of trial,[3] it is hereby ORDERED that:

1.    Lantz's motion in limine (Doc. 38) is DENIED, without prejudice to
      Lantz's right to object to evidence that she believes is improperly
      offered at trial.

2.    The parties are directed to refrain from making any reference to the
      events at issue in their opening statements.


                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge

---

[2] Federal Rule of Evidence 608(b) provides in relevant part that, in the court's discretion, counsel may cross-examine a witness concerning specific instances of the witness's past conduct, if the conduct is "probative of truthfulness or untruthfulness[.]" FED. R. EVID. 608(b). However, counsel may not use extrinsic evidence to prove that the conduct occurred. Id.

[3] At this juncture, the court is unable to find the evidence inadmissible. Lantz has not persuaded the court that the issues of job performance or discipline will be wholly irrelevant at trial—although they *may* be irrelevant, the court cannot presently reach such a conclusion as a definitive matter. Nor can the court conclude that the probative value of the evidence will be substantially outweighed by unfair prejudice to Lantz. The Third Circuit has held that "excluding evidence under [Rule] 403 at the pretrial stage is an extreme measure[,]" In re Diet Drugs Prods. Liab. Litig., 369 F.3d at 314 (quoting Hines v. Conrail, 926 F.2d 262, 274 (3d Cir. 1991)), and that "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id. (quoting In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990)).